UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER E. YATES,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

Case No. 11-cv-15028

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS** (docket no. 14), **ADOPTING REPORT
AND RECOMMENDATION** (docket no. 13), **DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT** (docket no. 12), **AND GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (docket no. 9 )

     Plaintiff Jennifer Yates filed her complaint seeking review of the final decision of the
Commissioner of Social Security ("Commissioner"), which denied her claim for
supplemental security income. The matter was referred to a United States magistrate judge
for the issuance of a report and recommendation. Plaintiff and the Commissioner both filed
motions for summary judgment. The magistrate judge recommends denying the
Commissioner's motion, granting Plaintiff's motion and remanding the action to the
Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g). The
Commissioner filed objections to this recommendation and Plaintiff  responded. For the
reasons that follow, the Court will overrule the Commissioner's objections, adopt the
magistrate judge's report and recommendation, and remand the case for further
proceedings including reconsideration of the opinions of Drs. Barrett and Muthuswami.

**BACKGROUND**

Plaintiff filed her application for Social Security disability benefits on December 22, 2010, alleging she had been disabled on or after June 1, 2004, as a result of the combined effects of fibromyalgia, post traumatic stress syndrome ("PTSD"), injury resulting from domestic violence, and sciatica. Pl. Mot. Summ. J. 1-2, ECF No. 9. Her claim was denied at the administrative stage and then was denied by an ALJ on June 24, 2011, after a hearing on the matter. *Id.*

The ALJ performed the five-step inquiry used to determine whether a claimant is disabled within the meaning of the Social Security Act. ALJ Decision Tr. 13, ECF No. 7-2. The ALJ found at steps one and two that Plaintiff had not engaged in substantial gainful activity since December 23, 2010, and that she has severe impairments of "fibromyalgia; back pain secondary to paracentral disc protrusion L4-L5; post traumatic stress disorder (PTSD); depression; and personality disorder - borderline, paranoid, avoidant." *Id.* at 14-15. But the ALJ determined at step three that none of Plaintiff's impairments or combination of impairments met or equaled one of the listings in the regulations. *Id.* at 15.  The ALJ found that Plaintiff "has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except that she can only occasionally kneel or crawl" and that Plaintiff is "limited to simple, routine and repetitive tasks and employment in a low stress job, defined as having only occasional decision making required" and Plaintiff "can have only occasional interaction with the public and co-workers." *Id.* at 16-17. At step four the ALJ found that Plaintiff was unable to perform her past relevant work. *Id.* at 19-20. Finally, at step five the ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful

2

adjustment to other work that exists in significant numbers in the national economy." *Id.* at 21. Therefore, the ALJ held that Plaintiff "has not been under a disability, as defined in the Social Security Act, since December 23, 2010, the date the application was filed (20 CFR 416.920(g))." *Id.*

Plaintiff requested a review of this decision. Accordingly, the Appeals Counsel considered her argument that the ALJ erred by not giving controlling weight to the Global Assessment of Functioning ("GAF") scores found in the record, but noted that GAF scores "were only a snapshot" of Plaintiff's mental functioning at the time of the report and that the ALJ "based her findings on the medical evidence of record as a whole." Notice of Appeals Counsel Action Tr. 2, ECF No 7-2. The Appeals Counsel also considered additional evidence from Plaintiff's treating psychiatrist, Dr. Muthuswami, but found that his September 2011 report "does not provide clinical findings supporting an increase in the severity of [Yates'] impairments from the evidence previously considered." *Id.* Therefore, the Appeals Counsel found no basis for changing the ALJ's decision and denied Plaintiff's request for review. *Id.* After the Appeals Counsel denied review, the ALJ's decision became the final decision of the Commissioner on September 21, 2011. Pl. Mot. Summ. J. 1, ECF No. 9. Plaintiff now seeks judicial review of this decision pursuant to 42 U.S.C. §§405(g), 1383(c)(3). Compl. ¶ 1, ECF No. 1.

Plaintiff argues in her motion for summary judgment that the ALJ erred by attributing limited weight to the opinions of her consulting psychologist, Christian Barrett, as expressed in his February 7, 2011 report. Pl. Mot. Summ. J. at 6-7. She claims this decision was based on the erroneous finding that Barrett's opinions "have only limited significance because he lacks the requisite qualifications as a medically acceptable source to offer an

3

opinion regarding the severity of Plaintiff's impairments (citing 20 CFR 913(d)) and because his evaluation is nothing more than a 'snapshot in time' based on but one interview with the Plaintiff." *Id.* Additionally, she argues that the ALJ erred by attributing limited weight to the opinions of Plaintiff's treating psychiatrist regarding the severity of her impairments. *Id.* at 9. Conversely, the Commissioner submits that substantial evidence supports the ALJ's determination, that the ALJ did not dismiss Dr. Barrett's observations but only permissibly disregarded the GAF score, and that the ALJ did not err in evaluating the opinions of social workers and Dr, Muthuswami. Def. Mot. Summ. J. at 9- 13.

After reviewing the record, the magistrate judge recommends granting Plaintiff's motion and remanding the case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) because substantial evidence does not support the Commissioner's determination that Plaintiff is not disabled. Report at 1, ECF No. 13. The magistrate judge bases this recommendation on the ALJ's failure to discuss the findings of Plaintiff's treating psychiatrist, Dr. Muthuswami, and on the ALJ's statement that Plaintiff's consulting psychologist, Dr. Barrett, "lacks the qualifications to opine as a medically acceptable source under the regulations concerning the claimant's GAF score." *Id.* at 17. The magistrate judge noted that the ALJ's statement regarding Dr. Barrett's qualifications provided a less than clear picture of the weight she accorded Dr. Barrett's medical opinions as to topics beyond GAF scores. *Id.* at 18. And because the ALJ failed to provide good reasons for the weight given to Plaintiff's treating sources, this "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Id.* at 17 (quoting *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 243 (6th Cir. 2007)). The Commissioner objects to the magistrate judge's recommendation claiming

4

(1) that the ALJ did not reject the entirety of Dr. Barrett's opinion, and (2) that the ALJ did not ignore a relevant medical opinion from Dr. Muthuswami. Commissioner's Obj. 2-5, ECF No. 14.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the Court's review of the magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). The Rule requires a district judge who refers a dispositive motion to conduct a de novo review of the parties' "specific written objections to the proposed findings and recommendations." *Id.*

Here the referred motions pertain to a final administrative decision of the Commissioner of Social Security. The Court reviews the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). This review is not de novo, rather, the "Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)) (internal quotation marks omitted). When there is substantial evidence to support the Commissioner's decision, the Court "will defer to that finding 'even if there is substantial evidence in the record that would have supported the opposite conclusion.'" *Id.* (quoting *Warner*, 375 F.3d at 390). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241(internal quotation omitted).

## DISCUSSION OF OBJECTIONS

5

First, the Commissioner objects to the magistrate judge's recommendation that the case be remanded so that the ALJ may give a more through explanation of what weight she gave to Dr. Barrett's opinions. Def. Obj. at 2. The magistrate judge recommends remand because he could not discern whether the ALJ rejected all of Dr. Barrett's opinions or only the GAF score. Report 17, ECF No. 13. The Commissioner argues that it is clear from the ALJ's opinion that she only rejected the GAF score, which she had no obligation to consider. Obj. at 2.

Dr. Barrett diagnosed PTSD, major depression, and personality disorder (borderline, paranoid, avoidant), and assessed a GAF score of 45. Barrett Report, Tr. 271. With the exception of the GAF score, this diagnosis is consistent with the Commissioner's finding that PTSD, depression, and personality disorder — borderline, paranoid, avoidant were among Plaintiff's severe impairments. ALJ Decision, Tr. 14. But as to the remainder of Dr. Barrett's findings, the Court agrees with the magistrate judge that it is difficult to determine what weight the ALJ gave to Dr. Barrett's opinions. The ALJ did not discuss any of the relevant factors she considered in weighing the medical opinions in the record. *See* 20 C.F.R. § 404.1527 (describing factors used to weigh medical opinions). The Court cannot adequately review the ALJ's decision without a clear understanding of the weight she accorded the medical opinions in the record and her reasons for accepting or rejecting the evaluations of Plaintiff's physicians.

Second, the Commissioner objects to a remand of this matter based on the ALJ's failure to address the treating source opinion of Dr. Muthuswami. The Commissioner claims that the ALJ did not ignore a relevant medical opinion from Dr. Muthuswami because his December 2010 evaluation did not contain any opinion regarding Plaintiff's functional

6

limitations, and his September 2011 report was not in existence at the time the ALJ rendered her decision. Def. Obj. 3-5, ECF No. 14. The Court agrees that Dr. Muthuswami's September 7, 2011 report may not be considered when deciding whether substantial evidence supports the ALJ's decision because "evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001) (citing *Cline v. Comm'r of Soc. Sec.,* 96 F.3d 146, 148 (6th Cir. 1996)).

But as to the December 2010 evaluation, the Commissioner fails to explain why the ALJ should be excused from providing "good reasons" for the weight she gave Dr. Muthuswami's opinion. As the Commissioner recognizes "[t]he regulations define medical opinions as 'statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.'" Def. Obj. 3-4 (quoting 20 C.F.R. § 416.927(a)(2)). The December 2010 psychiatric evaluation qualifies as a medical opinion under this definition because it includes judgments regarding Plaintiff's symptoms and diagnosis. Dr. Muthuswami noted that Plaintiff had "depressed mood and anxiety with crying episodes along with impaired functioning level" and determined that "she meets the criteria for Major Depression recurrent type with Post Traumatic Stress Disorder." Muthuswami Dec. 2010 Report, Tr. 240, 276. The ALJ referenced this evaluation in her decision without describing what weight she gave to Dr. Muthuswami's opinions. "[A] decision denying benefits must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be

7

sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal quotation and citation omitted). If an ALJ fails to follow "the procedural requirement of identifying the reasons for discounting the opinions [of treating physicians]" and fails to explain "precisely how those reasons affected the weight accorded the opinions [this] denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers*, 486 F.3d at 243.  Accordingly, the Court overrules the Commissioner's objections and remands this matter for further proceedings.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Commissioner's objections (docket no. 14) are **OVERRULED** and the magistrate judge's report and recommendation (docket no. 13) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (docket no. 9) is **GRANTED**, the Commissioner's motion for summary judgment (docket no. 12) is **DENIED** and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order and the Report and Recommendation of the magistrate judge.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 12, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 12, 2013, by electronic and/or ordinary mail.

Carol Cohron
Case Manager